UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKI UMBRINO, et al.,

                                Plaintiffs,

           v.

L.A.R.E. PARTNERS NETWORK, INC., et al.,

                                Defendants.
_____

REPORT & RECOMMENDATION

19-CV-6559EAW

## PRELIMINARY STATEMENT

Plaintiffs commenced this action on July 26, 2019, asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Docket # 1). Plaintiffs' FLSA claims have been conditionally certified, and their New York wage and hour claims have been certified as a class action by the district court. (Docket ## 13, 122). On April 17, 2020, Hajarah B. Conyer filed a consent to join this action as an opt-in plaintiff. (Docket # 21). Currently pending is defendants' motion to dismiss Conyer's claims pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure based upon her failure to appear for deposition. (Docket # 98).

By order dated June 21, 2021, the Court directed defendants to identify up to ten named or opt-in plaintiffs to appear for deposition. (Docket # 64). Thereafter, on July 9, 2021, defendants served plaintiffs' counsel with a Notice of Deposition scheduling Conyer's deposition for August 16, 2021. (Docket # 98-2 at 2, 6). Due to plaintiffs' counsel's inability to confirm Conyer's availability for the scheduled deposition, it was adjourned without date. (*Id.* at 2-3,

¶¶ 10-15). On August 30, 2021, plaintiffs' counsel informed defendants that Conyer had not responded to their efforts to schedule her appearance for deposition. (*Id.* at 3, ¶ 16).

Counsel for defendants wrote the Court that same day requesting the Court's assistance in securing Conyer's appearance for her noticed deposition. (*Id.* at 15-16). Counsel for plaintiffs responded by letter indicating that they did not oppose entry of an order directing Conyer to appear for deposition but reserving their right to oppose any future action or remedy defendants might seek in the future should Conyer fail to comply with the order. (*Id.* at 30).

On September 2, 2021, this Court entered an Order directing Conyer to schedule a date prior to September 17, 2021, for her deposition. (Docket # 84). The Order further advised Conyer that her "[f]ailure to comply with this directive, or to appear for the scheduled deposition, may result in the imposition of sanctions, including but not limited to, dismissal of her claims in this action." (*Id.*). Both the Court and her counsel mailed a copy of the Order to Conyer at her last known address. (Docket ## 84; 105 at 4). The Court's docket does not reflect that the Order was returned as undeliverable. Despite the Order, plaintiffs' counsel informed defendants that they were unable to schedule Conyer for deposition. (Docket # 98-2 at 32).

On September 28, 2021, defendants filed the pending motion seeking dismissal of Conyer's claims. (Docket # 98). Counsel for Conyer opposes the motion, maintaining that, although Conyer has failed to comply with the Court's Order, any dismissal of her claims should be without prejudice. (Docket # 105). According to Conyer's counsel, although Conyer has not indicated to them that she intends to opt out of this action, they have been unable to contact her in order to arrange for her deposition. (*Id.* at 4). In reply, defendants argue that Conyer's failure to appear for deposition warrants dismissal of her FLSA claim with prejudice, but represent that

2

they do not object to dismissal of Conyer as a named plaintiff in the NYLL class action without prejudice to her participation as a non-named class member.[1]  (Docket # 108 at 7).

During oral argument on the motion, the Court directed plaintiffs' counsel to supplement the record with additional information about their contacts and attempted contacts with Conyer; on December 12, 2021, counsel filed an affirmation in compliance with the Court's direction.  (Docket ## 111, 113).  According to plaintiffs' counsel, Conyer opted into the FLSA collective action in April 2020.  (Docket # 113 at ¶ 4).  Counsel first attempted to contact Conyer by telephone on May 21, 2020, and left her a voicemail.  (*Id.* at ¶ 5).  Approximately two months later, on July 27, 2020, an associate successfully contacted Conyer by telephone and confirmed her contact information.  (*Id.* at ¶ 6).

After Conyer was identified as one of the ten plaintiffs to provide discovery responses in early October 2020, plaintiffs' counsel attempted to contact her by email or text message on October 12, 15, 26 and 28 and November 3, 2020.  (*Id.* at ¶¶ 7-10).  According to counsel, on October 26, 2020, an associate attempted to phone Conyer, but the person who answered the phone hung up.  (*Id.* at ¶ 12).  Office staff attempted to phone Conyer twice on October 28, 2020, but the calls were not answered, and the voicemail box was full, preventing staff from leaving a voice message.  (*Id.* at ¶ 13).

Throughout May 2021, plaintiffs' counsel attempted to call Conyer on five separate occasions, but the phone calls again were not answered.  (*Id.* at ¶ 16).  According to plaintiffs' counsel, he left her messages whenever her voicemail box was not full.  (*Id.*).

---

[1]  At the time the pending motion was filed, a motion to certify the NYLL class was pending before the district court.  (Docket # 68).  At that time, defendants' position was that Conyer's NYLL claim should be dismissed without prejudice to her participation as a non-named class member in the event that the district court certified the class.  (Docket # 108).  After this motion was fully briefed and argued, the district court granted class certification.  (Docket # 122).

Plaintiffs' counsel also emailed Conyer on May 27, 2021. (*Id.* at ¶ 17). In June, staff from plaintiffs' counsel's office called Conyer on twelve different days. (*Id.* at ¶¶ 18-20). On nine of those days, staff left a voice message; the other three days, the voicemail box was full. (*Id.*). Plaintiffs' counsel also sent correspondence to Conyer by email on August 3 and 5, 2021, and by United States mail on June 8 and 23, July 14, and August 6 and 27, 2021. (*Id.* at ¶¶ 21-27). Conyer did not respond to the correspondence, and none of the letters were returned as undeliverable. (*Id.*).

On September 3, 2021, plaintiffs' counsel mailed Conyer a letter enclosing this Court's September 2, 2021 Order. (*Id.* at ¶ 27). According to plaintiffs' counsel, the correspondence was confirmed to have been delivered on September 7, 2021. (*Id.*). Finally, on December 17, 2021, plaintiffs' counsel attempted to phone Conyer. (*Id.* at ¶ 29). The call was not answered, and a message indicated that a voicemail box for the phone number was not set up.

On this record, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, this Court recommends that Conyer's FLSA claim be dismissed with prejudice and that she be dismissed as a named plaintiff in the NYLL class action without prejudice to her participation as a non-named class member.

## DISCUSSION

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders[,] . . . [including orders] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, a court may dismiss an action in whole or in part where a party fails to appear for his or her deposition. *See* Fed. R. Civ. P. 37(d)(3). That

said, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)); *see S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011) (summary order) ("[w]hile we have expressed a preference that litigation disputes be resolved on the merits, and not by default, . . . we have also consistently recognized that Rule 37 sanctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault") (internal citations and quotations omitted).

In evaluating the appropriateness of sanctions, including dismissal, a court should consider several factors including:

1. the willfulness of the non-compliant party or the reason for noncompliance;
2. the efficacy of lesser sanctions;
3. the duration of the period of noncompliance[;] and
4. whether the non-compliant party had been warned of the consequences of … noncompliance.

*See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302-303 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); *Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, 514 F. App'x 33, 35 (2d Cir. 2013) (summary order), *cert. denied*, 571 U.S. 1098 (2013).

Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault, by the noncompliant party." *Peña v. Chocolate*, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted). Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may

5

be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal is warranted under Rule 41(b) where the record demonstrates that the plaintiff has not been diligent in the prosecution of her lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)).

A district court considering a dismissal pursuant to Rule 41(b) should consider the following factors:

1. the duration of the plaintiff's failure to comply with the court order;

2. whether plaintiff was on notice that failure to comply would result in dismissal;

3. whether the defendants are likely to be prejudiced by further delay in the proceedings;

      4. a balancing of the court's interests in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and

      5. whether the judge has adequately considered a sanction less drastic than dismissal.

*Chen v. Hunan Manor Enter., Inc.*, 2020 WL 3527920, *5 (S.D.N.Y.) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)), *report and recommendation adopted by*, 2020 WL 4932777 (S.D.N.Y. 2020).  Although dismissal is considered "a harsh remedy to be utilized only in extreme situations," *see Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotations omitted), courts have nonetheless found dismissal of a complaint justified where a plaintiff has failed to take any specific or concrete actions over a substantial length of time.  *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing, *inter alia*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980)).

      In the case at bar, the criteria for dismissal have been met.  Conyer has failed to appear for her deposition first noticed for a date more than eight months ago and has been expressly warned by this Court of the consequences of failing to appear.  Moreover, despite repeated attempts to contact Conyer using contact information that she confirmed was accurate, plaintiffs' counsel has been unable to contact her for more than a year-and-a-half.  Other than stating that they have been unable to contact her, Conyer's counsel has proffered no explanation

for her non-appearance and lack of cooperation – supporting the inference that she is no longer communicating with her counsel and the conclusion that lesser sanctions would be ineffective to secure her compliance with her obligations.  *See Jin Fang Luo v. Panarium Kissena Inc.*, 2019 WL 360099, *4 (E.D.N.Y.) ("[plaintiffs] were given ample opportunity . . . [to comply with discovery obligations]; [i]nstead, they have not even communicated with their counsel[;] [a]s such, it would not even be possible to impose lesser sanctions . . . , given that they have been inaccessible for the past several months"), *report and recommendation adopted by*, 2019 WL 356939 (E.D.N.Y. 2019); *Scott v. Chipotle Mexican Grill*, 2015 WL 13745760, *4 (S.D.N.Y. 2015) ("the failure is attributable to the plaintiffs, not the [c]ourt or the defendant, as it was the plaintiffs' responsibility to give their counsel accurate contact information and to respond to requests from their counsel and orders from the [c]ourt"), *report and recommendation adopted as modified by*, 2016 WL 397677 (S.D.N.Y. 2016); *Hinterberger v. Cath. Health Sys., Inc.*, 2013 WL 2250614, *4 (W.D.N.Y. 2013) ("[t]he unresponsive opt-in [p]laintiffs have failed to communicate with their attorneys for over two years despite [p]laintiffs' counsel's effort to gain their cooperation[;] . . . [i]n such circumstances, there is no reasonable possibility that lesser sanctions will be effacious in gaining [compliance with discovery obligations]).  On this record, I find that Conyer's FLSA claim should be dismissed with prejudice.  *See Jin Fang Luo v. Panarium Kissena Inc.*, 2019 WL 360099 at *6 (dismissing FLSA claims with prejudice for failure to comply with discovery obligations; "[i]f the [c]ourt were to dismiss their claims without prejudice, this would essentially allow the [n]on-[r]esponsive [p]laintiffs to engage and disengage in this litigation at will, which would foreseeably protract this already lengthy case"); *Scott v. Chipotle Mexican Grill, Inc.*, 2015 WL 13745760 at *7 (concluding dismissal with prejudice of FLSA claims of unresponsive opt-in plaintiffs for failure to comply with discovery

obligations was warranted); *Lassen v. Hoyt Livery, Inc.*, 2015 WL 2352248, *3 (D. Conn. 2015) (same); *Ruiz v. Citibank, N.A.*, 2014 WL 4635575, *4 (S.D.N.Y. 2014) (same); *Gordon v. Kaleida Health*, 2013 WL 2250431, *6 (W.D.N.Y. 2013) (same); *Johnson v. Wave Comm GR LLC*, 2013 WL 12137762, *4 (N.D.N.Y.) (same), *report and recommendation adopted by*, 2013 WL 12137763 (N.D.N.Y. 2013).

By contrast to the FLSA claim, the parties agree that dismissal of Conyer as a named plaintiff in the NYLL class action is appropriate but without prejudice to her participation as a non-named class member. I concur. *See*, *e.g.*, *Scott*, 2015 WL 13745760 at *10 (denying dismissal of state labor law claims; "[i]t would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action for the same reason that these plaintiffs have failed to participate"); *Lassen v. Hoyt Livery, Inc.*, 2015 WL 2352248 at *3 ("[t]hese five [opt-in] plaintiffs will be allowed to continue to participate . . . as absent class members on their claims under [state wage law], if the Rule 23 class action remains certified"); *Ruiz v. Citibank, N.A.*, 2014 WL 4635575 at *4 (upholding magistrate judge's determination that "it would be unjust to dismiss [p]laintiffs' state law claims when they fail to comply with FLSA discovery while other [p]laintiffs who never opted in to FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal"); *Johnson v. Wave Comm GR LLC*, 2013 WL 12137762 at *3 (recommending that the non-responsive plaintiff be dismissed as "a named plaintiff on the [NYLL claims], without prejudice to [his] future participation . . . as a class member on these state law claims if the Rule 23 class action remains certified").

9

## CONCLUSION

For the foregoing reasons, I recommend that defendants' motion to dismiss Conyer's claims **(Docket # 98) be GRANTED in PART and DENIED in PART**. Specifically, I recommend that Conyer's FLSA claim be dismissed with prejudice. I also recommend that she be dismissed as a named plaintiff in the NYLL class action but without prejudice to her ability to participate as a non-named class member.

                                                      *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
        May 2, 2022

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated: Rochester, New York
        May 2, 2022