UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKI UMBRINO, *et al.*,

              Plaintiffs,

     v.

L.A.R.E. PARTNERS NETWORK, INC., *et al.*,

              Defendants.
_____

**DECISION AND ORDER**

6:19-cv-06559 EAW

      Plaintiffs Vicki Umbrino ("Umbrino") and Richard Zoller ("Zoller") (collectively Plaintiffs") commenced this putative class and collective action on July 26, 2019, asserting violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (the "FLSA") and the New York Labor Law (the "NYLL") by defendants L.A.R.E. Partners Network, Inc. d/b/a L.A.R.E. Partners f/k/a List Assist Real Estate, Inc., Real Agent Pro, LLC f/k/a L.A.R.E. Marketing, LLC, L.A.R.E. Properties, LLC, List-Assist of Rochester, LLC, and Isaiah Colton (collectively "Defendants"). (Dkt. 1). On April 17, 2020, Hajarah B. Conyer ("Conyer") filed a consent to proceed as an opt-in plaintiff. (Dkt. 21). On September 28, 2021, Defendants filed a motion seeking dismissal of Conyer's claims. (Dkt. 98). On May 2, 2022, United States Magistrate Judge Marian W. Payson issued a thorough Report and Recommendation, recommending that the Court dismiss Conyer's FLSA claim with prejudice and that she be dismissed as a named plaintiff in the NYLL class action but without prejudice to her ability to participate as a non-named class member. (Dkt. 125).

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the Report and Recommendation. On May 16, 2022, Plaintiffs filed a document styled as objections, but which did not object to Judge Payson's recommendation except to clarify that Conyer was not a named plaintiff in this action and therefore could not be dismissed as a named plaintiff in the NYLL class action. (Dkt. 126). Plaintiffs note that "the effect of this correction would not substantively change the outcome of Judge Payson's report and recommendation but would simply correct the record on this point." (*Id.* at 2). No other objections were filed. The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Notwithstanding the lack of substantive objections, the Court has conducted a careful review of the Report and Recommendation, as well as the prior proceedings in the case. The Report and Recommendation concludes that the criteria for sanctions are met in light of Conyer's failure to appear for her deposition after being expressly warned of the consequences of failing to appear. In addition, Plaintiffs' counsel has been unable to reach Conyer for more than a year-and-a-half, supporting the inference that Conyer was not communicating with counsel and that lesser sanctions would not be effective to secure her compliance with obligations. Accordingly, the Report and Recommendation appropriately recommends that the Court dismiss Conyer's FLSA claim with prejudice, and the Court agrees with that recommendation and adopts it in its entirety. However, the Court also

agrees that Plaintiff cannot be dismissed as a named plaintiff in the NYLL class action because she is not a named class action plaintiff, and therefore the Court declines to adopt that portion of the Report and Recommendation.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (Dkt. 118) recommending granting in part and denying in part Defendants' motion to dismiss (Dkt. 98) is adopted except to the extent it recommends that Conyer be dismissed as a named plaintiff in the NYLL class action.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 7, 2022
Rochester, New York