UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VICKI UMBRINO, *et al*.,

                    Plaintiffs,

          v.

L.A.R.E. PARTNERS NETWORK, INC., *et al*.,

                    Defendants.

_____

**DECISION AND ORDER**

6:19-cv-06559 EAW

## <u>INTRODUCTION</u>

Plaintiffs Vicki Umbrino ("Umbrino") and Richard Zoller ("Zoller") (collectively Plaintiffs") commenced this putative class and collective action on July 26, 2019, asserting violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (the "FLSA") and the New York Labor Law (the "NYLL") by defendants L.A.R.E. Partners Network, Inc. d/b/a L.A.R.E. Partners f/k/a List Assist Real Estate, Inc., Real Agent Pro, LLC f/k/a L.A.R.E. Marketing, LLC ("Real Agent Pro"), L.A.R.E. Properties, LLC, List-Assist of Rochester, LLC, and Isaiah Colton ("Colton") (collectively "Defendants"). (Dkt. 1). Currently before the Court are Plaintiffs' motion to strike certain of Defendants' affirmative defenses (Dkt. 109) and Defendants' cross-motion for leave to file an amended answer (Dkt. 114). For the reasons that follow, the Court grants in part and denies in part Plaintiffs' motion to strike and grants in part and denies in part Defendants' cross-motion for leave to file an amended answer.

- 1 -

## BACKGROUND

### I.     Factual Background

The factual background of this case is set forth in detail in the February 15, 2022 Decision and Order granting in part and denying in part Plaintiffs' motion to certify the class, denying Defendants' motion to decertify the collective action, and granting in part and denying in part Plaintiffs' motion for partial summary judgment.  (Dkt. 122).

### II.    Procedural Background

Plaintiffs commenced the instant action on July 26, 2019.  (Dkt. 1).  Defendants failed to timely file an answer.  (*See* Dkt. 6).

On October 16, 2019, Plaintiffs filed a motion for conditional certification of the matter as a collective action under the FLSA.  (Dkt. 4).  Plaintiffs requested Clerk's entries of default on December 17, 2019, and the same were entered by the Clerk of Court's office on December 18, 2019.  (Dkt. 6; Dkt. 7).

On February 24, 2020, the parties entered a stipulation whereby they agreed, among other things, that: (1) the Clerk's entries of default as to all Defendants would be vacated; and (2) Defendants would not oppose Plaintiffs' motion for conditional certification.  (Dkt. 12).   The Court so-ordered the parties' stipulation on February 28, 2020.  (Dkt. 13).  Defendants filed an answer to the complaint on March 24, 2020.  (Dkt. 15).

The amended scheduling order required all motions to amend pleadings to be made by August 31, 2021.  (Dkt. 64 at ¶ 5).  On August 31, 2021, Plaintiffs moved to amend their complaint.  (Dkt. 81).  On October 4, 2021, Plaintiffs' motion to amend was granted (Dkt. 100), and on October 25, 2021, Plaintiffs filed an amended complaint.   (Dkt. 103).

Defendants' answer to the amended complaint was filed on November 16, 2021. (Dkt. 106). Plaintiffs filed the instant motion to strike certain affirmative defenses on December 7, 2021. (Dkt. 109). Defendants opposed the motion to strike and cross-moved to amend their answer. (Dkt. 114). Plaintiffs filed their reply to the motion to strike and opposition to the cross-motion to amend on January 25, 2022 (Dkt. 117), and on February 1, 2022, Defendants filed their reply in support of their cross-motion (Dkt. 121).

## DISCUSSION

### I.   Legal Standards

#### A.   Motion to Strike Affirmative Defenses

Federal Rule of Civil Procedure 8 governs pleading of affirmative defenses, which like other pleadings, must be pled in "short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). Rule 12(f) provides that the Court may strike "from a pleading" any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. 12(f). "[M]otions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so." *Holland v. Chase Bank USA, N.A*., 475 F Supp. 3d 272, 275 (S.D.N.Y. July 28, 2020) (quotation omitted); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20CIV10832(AT)(SN), 2022 WL 748150, at *3 (S.D.N.Y. Mar. 11, 2022) ("Motions to strike an affirmative defense are disfavored and should generally not be granted."). "Resolution of a Rule 12(f) motion is left to the district court's discretion." *Equal Emp. Opportunity Comm'n v. Green Lantern Inn, Inc.*, No. 19-CV-6704-FPG-MJP, 2021 WL 4086148, at *2 (W.D.N.Y. Aug. 19, 2021) (quoting *EEOC v. Bay Ridge Toyota, Inc.*, 327 F.

Supp. 2d 167, 170 (E.D.N.Y. 2004)), *report and recommendation adopted*, No. 19-CV-6704-FPG, 2021 WL 4081109 (W.D.N.Y. Sept. 8, 2021).

The Second Circuit has explained that an affirmative defense should be stricken if (1) it is not plausibly pled or (2) "it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 97-98 (2d Cir. 2019). The Court must further consider whether the inclusion of the affirmative defense will prejudice the plaintiff. *Id.* at 98-99.

For the first factor, the plausibility standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), applies to an assessment of the sufficiency of the affirmative defense, although the degree of rigor for testing an affirmative defense may be lower than that involved when reviewing a complaint. *Alcon Vision, LLC v. Lens.com, Inc.*, No. 1:18-CV-00407-NG-RLM, 2022 WL 1665453, at *3 (E.D.N.Y. May 25, 2022) ("In considering the first factor, the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in [*Aschroft v. ]Iqbal*[, 556 U.S. 662 (2009)], applying the plausibility standard to any pleading is a 'context-specific' task." (citation and quotation omitted)); *Yeend v. Akima Glob. Servs.*, LLC, No. 120CV1281(TJM)(CFH), 2022 WL 794852, at *2 (N.D.N.Y. Mar. 16, 2022) ("For an affirmative defense, the relevant context will be shaped by the nature of the affirmative defense, including whether the nature of the affirmative defense means the necessary facts were readily available within the narrow window to respond to the complaint." (citation and quotation omitted)); *Ripple Labs, Inc.*, 2022 WL 748150, at *4 ("That said, courts generally apply a lower plausibility threshold when

evaluating motions to strike affirmative defenses as opposed to motions to dismiss because the pleader has less time to gather facts and craft a response.").  As to the second factor, an affirmative defense is appropriately stricken if there is no legally sufficient basis for it to preclude a plaintiff's claim.  *GEOMC*, 918 F.3d at 98.  Finally, the question of prejudice will depend in part on the timing of the assertion of the affirmative defense.  *Id.* at 99 ("[P]rejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation, and challenged by a motion to dismiss or opposed by opposition to a Rule 15(a) motion.").

### B.    Motion to Amend Answer

 "A district court has broad discretion in determining whether to grant leave to amend[.]"  *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).  Two provisions of the Federal Rules of Civil Procedure guide the Court's analysis of a motion for leave to amend where the deadline for such motions, as set forth in a scheduling order, has expired.[1]  The first is Rule 15(a)(2), which provides that once the time for leave to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The second is Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent."  *Id*. 16(b)(4).  As the Second Circuit has stated:

---

[1]     As noted, the amended scheduling order in this case set an August 31, 2021 deadline for the amendment of pleadings.  (Dkt. 64 at ¶ 5).

> Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.

*Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted); *Hudson Techs., Inc. v. RGAS, LLC*, No. 21-CV-297 (JPO), 2022 WL 1644913, at *1 (S.D.N.Y. May 24, 2022) ("When amendment is sought after a deadline set in a scheduling order, however, the lenient standard under Rule 15(a) must be balanced against Rule 16(b)'s prescription that scheduling orders may be modified only upon a showing of good cause.").

"In determining whether a movant has satisfied the 'good cause' standard under Rule 16(b), 'the primary consideration is whether the moving party can demonstrate diligence.'" *Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). However, diligence is "not . . . the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244; *Hudson Techs.*, 2022 WL 1644913, at *2 ("[While] the absence of prejudice to a nonmoving party may be relevant to leave to amend under Rule 15(a), it does not fulfill the good cause requirement of Rule 16(b)." (quoting *Est. of Ratcliffe v. Pradera Realty Co.*, No. 05 Civ. 10272, 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007)).

II.   **Plaintiffs' Motion to Strike Affirmative Defenses and Defendants' Cross-Motion to Amend**

Plaintiffs seek to strike Defendants' third, twelfth, thirteenth, and eighteenth affirmative defenses on grounds that they fail to meet the plausibility standard of *Twombly* and *Iqbal*, are legally insufficient, and do not provide Plaintiffs with adequate notice of the basis for these defenses.  In response, Defendants contend that their affirmative defenses are adequately pled, but to the extent they are not, they seek leave to amend their answer to provide additional facts to support these defenses.  Defendants' cross-motion to amend also seeks to split one of their affirmative defenses into two separate defenses, as well as to assert a new affirmative defense not previously asserted.  Plaintiffs argue that any motion to amend is untimely and Defendants have not shown good cause for the delay.  The Court will discuss the affirmative defenses at issue as set forth below.

A.   **Twelfth and Proposed Twenty-Third Affirmative Defenses**

Defendants' twelfth affirmative defense currently states: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and accord and satisfaction." (Dkt. 106 at ¶ 147).  Defendants do not oppose Plaintiffs' motion to strike the defenses of laches and estoppel from the twelfth affirmative defense.  (*See* Dkt. 115 at 4 n.1).   However, with respect to the defenses of waiver and accord and satisfaction, Defendants propose to amend their answer to assert the defenses of waiver and accord/satisfaction solely against plaintiff Zoller, with the twelfth affirmative defense asserting a theory of accord and satisfaction, and the proposed twenty-third affirmative defense separately asserting the affirmative defense of waiver.  (Dkt. 114-2 at Ex. G, ¶¶ 147,

158).   Specifically, in their proposed amended answer, Defendants allege as a twelfth

affirmative defense:

> Plaintiff Zoller's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.   In 2016, Plaintiff Zoller filed a claim for unpaid wages regarding overtime with the New York State Department of Labor ("NYSDOL").   In 2017, Real Agent Pro settled Plaintiff Zoller's wage claim with the NYSDOL pursuant to a Stipulation of Settlement for $7,525.06. Plaintiff Zoller accepted, and cashed, all six check payments issued pursuant to the Stipulation of Settlement.   Pursuant to the Stipulation of Settlement, the payments were issued with the clear intention for the wage claim "to be resolved in full for the sum" of $7,525.06.

(*Id.* at ¶ 147).   And they propose to separately allege waiver in the twenty-third affirmative

defense, as follows:

> Plaintiff Zoller's claims are barred, in whole or in part, by the doctrine of waiver.   Plaintiff Zoller accepted, and cashed, all six checks in the amount of $7,525.06 that he received pursuant to the Stipulation of Settlement of his wage claim for overtime that he filed with NYSDOL.   Plaintiff Zoller failed to notify the NYSDOL or Real Agent Pro that he was owed additional wages or liquidated damages.   Therefore, Plaintiff Zoller waived any claim for additional wages or liquidated damages under the NYLL.

(*Id.* at ¶ 158).

Plaintiffs contend that the facts now pleaded in the proposed amended answer are not

new and have been known to Defendants throughout this matter, which negates the requisite

diligence and good cause needed to modify the scheduling order.   To be sure, "[a] scheduling

Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . .

. without peril."   *Harig v. City of Buffalo*, No. 1:18-CV-00503, 2021 WL 4427309, at *1

(W.D.N.Y. Sept. 27, 2021) (quoting *Coene v. 3M Co.*, 303 F.R.D. 32, 49 (W.D.N.Y. 2014)).

That said, as to these affirmative defenses, the Court finds that allowing Defendants to

amend to clarify the factual basis for the assertion of the defenses is warranted.   Here,

- 8 -

Plaintiffs filed their motion to amend the complaint on the last day permitted under the Scheduling Order, and so the answer which contains the affirmative defenses at issue was not filed under after the deadline for amending pleadings.  The proposed amendments to Defendants' twelfth and twenty-third affirmative defenses do not add new affirmative defenses but instead, respond directly to the deficiencies identified by Plaintiffs in their motion to strike.  Moreover, as explained by Defendants and not disputed by Plaintiffs, the facts included in the proposed affirmative defenses were explored in discovery and are not new to either party.  (*See* Dkt. 115 at 7-8; Dkt. 117 at 9).  Under these circumstances, and because motions to strike affirmative defenses are disfavored, the Court concludes that permitting amendment in these circumstances is appropriate.  *See United States ex rel. Mandel v. Sakr*, No. 17-CV-907S, 2021 WL 1541490, at *3 (W.D.N.Y. Apr. 20, 2021) ("Plaintiff rightly notes that Defendant does not provide any facts regarding a possible waiver by the Attorney General to support its affirmative defense.  In the interest of justice, however, Defendant is granted leave to amend its answer to adequately plead waiver, if it can muster sufficient facts to do so."); *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at *8 (W.D.N.Y. Sept. 30, 2009) ("Because NVR maintains that it has a factual basis for at least some of the affirmative defenses, NVR should be granted leave to replead to test that assertion."), *report and recommendation adopted as modified*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009).  Accordingly, the Court grants Defendants' motion to amend their answer to assert the amended twelfth and twenty-third defenses, and otherwise denies Plaintiffs' motion to strike the twelfth affirmative defense as moot.

B.      Thirteenth and Eighteenth Affirmative Defenses

Defendants' thirteenth affirmative defense currently provides that "Defendants relied in good faith on, and in conformity with, orders, rulings, and/or interpretations issued by the Wage and Hour Division of the United States Department of Labor."  (Dkt. 106 at ¶ 148). The eighteenth affirmative defense similarly alleges that Defendants, at all times, acted in good faith to comply with the FLSA and NYLL with reasonable grounds to believe their actions did not violate either law, and Defendants assert a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiffs for liquidated damages. (*Id.* at ¶ 153).

Much like the previously discussed affirmative defenses, Plaintiffs argue that these are insufficient because they do not identify which orders, rulings, or interpretations issued by the Wage and Hour Division of the United States Department of Labor that Defendants relied on or satisfy *Iqbal* or *Twombly*.  The Court agrees that the affirmative defenses as written do not adequately provide the bases for the respective defense.  *Schecter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir.1996) (striking affirmative defense and noting that affirmative "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy").

Defendants propose to amend the affirmative defenses to supplement the factual basis for them.  Specifically, as to the thirteenth affirmative defense, Defendants propose to allege:

> Defendants relied in good faith on, and in conformity with, orders, rulings, administrative practice or enforcement policy, and/or interpretations issued by the Wage and Hour Division of the United States Department of Labor.  In November or December of 2018, James Marra of Real Agent Pro engaged in a telephone conversation with a representative of the Department of Labor to

- 10 -

ensure that Real Agent Pro was using the correct method of payment of wages for its inside sales employees. The Department of Labor representative stated that Real Agent Pro only had to pay additional wages to inside sales employees if their regular rate of pay in any week that they worked more than 40 hours did not meet 1.5 times minimum wage. Real Agent relied in good faith on and in conformity with the opinion and enforcement policy described by Department of Labor.

(Dkt. 114-2 at Ex. G, ¶ 148).

As to the eighteenth defense, Defendants propose:

Defendants, at all times, acted in good faith to comply with the FLSA and NYLL with reasonable grounds to believe their actions did not violate either law, and Defendant asserts a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiffs for liquidated damages. In November or December of 2018, James Marra of Real Agent Pro engaged in a telephone conversation with a representative of the Department of Labor to ensure that Real Agent Pro was using the correct method of payment of wages for its inside sales employees. The Department of Labor representative stated that Real Agent Pro only had to pay additional wages to inside sales employees if their regular rate of pay in any week that they worked more than 40 hours did not meet 1.5 times minimum wage. Based on this conversation, Real Agent reasonably believed in good faith that it was complying with the FLSA and NYLL and that its actions did not violate either law.

(*Id.* at ¶ 153).

Again, Plaintiffs argue that the assertions of these defenses do not meet the good cause standard of Rule 16. However, for the same reasons set forth above, the Court concludes that supplementing these defenses with the factual bases supporting them is appropriate. While Plaintiffs additionally argue that amendment of one or both[2] of these affirmative defenses is futile because the communication identified was oral and not written,

---

[2]     Plaintiffs' memorandum of law only addresses the argument with respect to the thirteenth affirmative defense but does not make clear whether they intend to assert the same argument as to the eighteenth affirmative defense. (*See* Dkt. 117 at 11-12).

this argument has not been briefed in detail by either party and at this time, the Court will allow the defenses to be asserted in light of the general disfavor in granting motions to strike defenses.  For these reasons, Defendants' cross-motion to amend their answer with respect to the thirteenth and eighteenth affirmative defenses is granted, and Plaintiffs' motion to strike those affirmative defenses is denied.

### C.    Third Affirmative Defense

Finally, Defendants do not oppose Plaintiffs' motion to strike the third affirmative defense that asserts that Plaintiffs cannot recover damages because Plaintiffs have failed to plead facts sufficient to support such damages or unlawful conduct on the part of Defendants.  But in their proposed amended answer, Defendants now seek to assert a new third affirmative defense seeking entirely different relief.  The new proposed third affirmative defense states:

> Plaintiffs' claims for overtime are barred, in whole or in part, by the doctrine of res judicata.  Named Plaintiff Glenn Manzek and Party Plaintiff Troy Cordell, and potentially other Plaintiffs, filed claims in small claims court for unpaid wages stemming from their employment with Real Agent Pro.  Their claim claims court actions were fully adjudicated.  The claims for overtime in this action of Named Plaintiff Glenn Manzek and Party Plaintiff Troy Cordell arise out of the same facts as their fully adjudicated small claim court actions – namely their employment with Real Agent Pro.  Therefore, their current claim for unpaid overtime wages could have been raised in their small claims court actions that alleged unpaid wages.

(Dkt. 114-2 at Ex. G, ¶ 138).

*Res judicata* is a defense not previously asserted in Defendants' answer.  Unlike the previous affirmative defenses, Defendants do not seek to amplify and supplement an existing affirmative defense, but instead seek to set forth an entirely new defense.  Defendants have

failed to provide any justification for their belated assertion of this defense or demonstrate diligence in pursuing a defense based on *res judicata*. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig*., 336 F.R.D. 400, 408 (S.D.N.Y. 2020) (denying motion to amend answer in light of substantial delay and lack of diligence). On this basis, Defendants have not met their burden on the motion to amend. Thus, Plaintiffs' motion to strike the third affirmative defense is granted and Defendants' cross-motion to amend their answer to assert their proposed third affirmative defense is denied.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Plaintiffs' motion to strike (Dkt. 109) and grants in part and denies in part Defendants' cross-motion for leave to file an amended answer (Dkt. 114). Defendants shall file an amended answer in accordance with this Decision and Order within 14 days of its entry.[3]

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 7, 2022
Rochester, New York

---

[3] In view of the fact that the Court is granting the motion to strike the third affirmative defense and not permitting the cross-motion to amend, the Court would expect the affirmative defenses to be renumbered in the amended answer filed by Defendants, but otherwise it must conform to the proposed amended answer submitted by Defendants in support of their cross-motion.